FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983
in the UNITED STATES DISTRICT COURT for the SOUTHERN DISTRICT of GEORGIA

MARQUISE ROBBINS

CV614-105
28 U.S.C. §1337

(Enter above full name of plaintiff or plaintiffs)

JURY TRIAL DEMANDED

v.

ROBERT TOOLE
BRIAN OWENS

(Enter above full name of defendant or defendants)

I. Previous lawsuits

   A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action? Yes ___ No ✓

   If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

   1. Parties to this previous lawsuit:

      Plaintiffs: _____

      Defendants: _____

   2. Court (if federal court, name the district; if state court, name the county): _____

   3. Docket number: _____

   4. Name of judge assigned to case: _____

5. Disposition
(for example, was the case dismissed? appealed? is it still pending?):

_____

6. Approximate date of filing lawsuit: _____

7. Approximate date of disposition: _____

8. Were you allowed to proceed *in forma pauperis* (without prepayment of fees)?   Yes _____   No _____

B. While incarcerated or detained in any facility, have you brought any lawsuits in federal court which deal with facts other than those involved in this action?
   Yes ✓   No _____

If your answer to B is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to previous lawsuit:

   Plaintiffs: MARQUISE ROBBINS

   Defendants: SHELIA OUBRE, KEITH CARTER, GAGER DAVIS

2. Court (name the district):

   U.S. MIDDLE DISTRICT OF GA - MACON DIVISION

3. Docket number: 5:13-CV-348-CAR

4. Name of judge assigned to case: C. ASHLEY ROYAL

5. Disposition
(for example, was the case dismissed? appealed? is it still pending?):

   STILL PENDING

6. Approximate date of filing lawsuit: 9-16-13

2

7. Approximate date of disposition: _____

8. Were you allowed to proceed *in forma pauperis* (without prepayment of fees)?   Yes ✓   No ___

C. As to any lawsuit filed in federal court where you were allowed to proceed *in forma pauperis*, was any suit dismissed on the ground that it was frivolous, malicious, or failed to state a claim?   Yes ___   No ✓

1. If your answer to C is yes, name the court and docket number for each case:

_____   _____
_____   _____
_____   _____
_____   _____

II. Place of present confinement: GEORGIA STATE PRISON

A. Is there a prisoner grievance procedure in this institution?   Yes ✓   No ___

B. Did you present the facts relating to your complaint to the appropriate grievance committee?   Yes ✓   No ___

C. If your answer to B is yes:

1. What steps did you take? I SUBMITTED AN APPEAL AND STATED THAT I TOTALLY OPPOSE THE RECOMMENDATION TO BE PLACED ON THE TIER PROGRAM. I STATED THAT I'VE BEEN IN "KEEPLOCK" FOR WELL OVER 600 DAYS AND I'M SUFFERING AND HAVING PSYCHOLOGICAL TRAUMA IN REACTION TO EXTREME SOCIAL ISOLATION AND A SEVERE RESTRICTED ENVIORMENT. I'M UNABLE TO REHABILITATE.

2. What was the result? I WAS NOT PROVIDED WITH THE 96 HOUR FORMAL HEARING THAT'S THE STANDING OPERATING PROCEDURE POLICY FOR ALL PRISON'S IN THE STATE OF GEORGIA. I WAS ONLY GIVEN AN APPEAL 23 DAYS LATER.

3

3. Did you appeal any adverse decision to the highest level possible in the administrative procedure?   Yes ✓  No ___

If yes, what was the result? I WAS GIVEN A RESPONSE THAT STATED THAT I WILL REMAIN IN TIER 1 FOR MY SAFETY AND THE SAFE AND ORDERLY OPERATION OF G.S.P. THE RESPONSE STATED THAT I WILL REMAIN ON PROTECTIVE CUSTODY.

D. If you did not utilize the prison grievance procedure, explain why not: THIS IS A NON-GRIEVABLE ISSUE ACCORDING TO THE STATEWIDE PRISON POLICY.

III. Parties

(In Item A below, list your name as plaintiff and current address. Provide the name and address of any additional plaintiffs on an attached sheet.)

A. Name of plaintiff: MARQUISE ROBBINS
   Address: GEORGIA STATE PRISON
   300 FIRST AVE, SOUTH
   REIDSVILLE, GA 30453

(In Item B below, list the defendant's full name, position, place of employment, and current address. Provide the same information for any additional defendants in Item C below.)

B. Name of defendant: ROBERT TOOLE
   Position: WARDEN
   Place of employment: GEORGIA STATE PRISON
   Current address: 300 FIRST AVE, SOUTH
   REIDSVILLE, GA 30453

C. Additional defendants: [redacted]
   BRIAN OWENS
   COMMISSIONER
   DEPT OF CORRECTIONS
   250 TIFT COLLEGE DRIVE
   FORSYTH, GA 31029

4

IV.  Statement of Claim

State here as briefly as possible the FACTS in your case. Describe how each defendant is personally involved in the depriving you of your rights. You must include relevant times, dates, places, and names of witnesses. DO NOT GIVE LEGAL ARGUMENTS OR CITE ANY CASES OR STATUTES. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

(1) On June 18, 2014, I arrived at Georgia State Prison and was assigned to K-Unit, a segregated housing unit. This was followed by the consecutive assigned housing in segregation at Johnson State Prison from May 13, 2014 to June 18, 2014, that followed assigned segregated housing of Baldwin State Prison from Sept 7, 2012 to May 13, 2014. (2) Before the CERT team officers initially placed me in my cell, I was taken to the CERT team office to speak with the security supervisor. (3) The security supervisor asked me what's the situation about a "hit" being put out on me. I explained to the supervisor that the situation is about my co-defendants of my criminal case trying to retaliate against me because I testified against them. I informed him that I felt safe at G.S.P., and would not be harmed. I explained to the supervisor that placement in a Honor or Integrity Unit would be appropriate for my situation, because those units are a "no non-sense" unit, and violence or misbehavior are not tolerated in those dorms. The security supervisor ignored my request to be housed in an appropriate housing unit. (4) Afterwards, I was escorted to "K" segregated housing unit. I remained in segregation exceeding 96 hours without being given a formal hearing (see attachment)

V.  Relief   State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

(1) ORDER DEFENDANT BRIAN OWENS TO COMPACT WITH ANOTHER STATE OR FEDERAL FACILITY THAT WILL BE WILLING TO ACCEPT PLAINTIFF INTO THEIR CUSTODY TO SERVE THE REMAINDER OF HIS SENTENCE UNDER GEORGIA JURISDICTION, AND TO FULFILL INJUNCTION WITHIN A REASONABLE AMOUNT OF TIME ORDERED BY THIS HONORABLE COURT. (2) ORDER BOTH DEFENDANTS' TO AWARD PLAINTIFF PRESUMED DAMAGES IN THE AMOUNT OF $100.00 FOR EACH ADDITIONAL DAY PLAINTIFF SPENT IN SEGREGATION AT G.S.P. IN ONE LUMPSUM, TAX-FREE. (3) ORDER BOTH DEFENDANTS TO AWARD PLAINTIFF $100.00 IN NOMINAL DAMAGES IN ONE LUMPSUM TAX-FREE. (4) ORDER BOTH DEFENDANTS' TO AWARD PLAINTIFF $150.00 IN PUNITIVE DAMAGES IN ONE LUMPSUM, TAX-FREE FOR EACH DAY PLAINTIFF SPENT IN SEGREGATION AT G.S.P. (5) ORDER DEFENDANTS' TO PAY FOR THE PRICE OF THIS SUIT AND PROCESS. (6) ORDER APPROPRIATE ATTORNEY FEE'S AND LITIGATION EXPENSES. (7) ORDER ANY ADDITIONAL RELIEF THIS COURT DEEM JUST AND PROPER.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 20th day of August, 2014.

Prisoner No. 1000413667

(Signature of Plaintiff)

ATTACHMENT TO STATEMENT OF CLAIM

THAT'S THE STANDARD OPERATING PROCEDURE POLICY FOR ALL PRISON'S IN THE STATE OF GEORGIA. ⑤ DAYS LATER, I WAS ASSIGNED AND TAKEN TO A MORE SECLUDED PART OF THE SEGREGATED HOUSING UNIT, WHICH IS SIMILAR TO SOLITARY CONFINEMENT. ⑥ THIS PART OF THE PRISON IS HIGHLY RESTRICTIVE, AND HIGH-CUSTODY PRISONER'S ARE HOUSED WITHIN THIS UNIT, THAT ISOLATES INMATES FROM THE GENERAL POPULATION AND EACH OTHER. THIS SECTION IS INTENDED TO DISCIPLINE INMATES FOR BREAKING THE RULES, AND TO PREVENT INMATES FROM COMMITTING FUTURE MISCONDUCT OR THREATENING SECURITY. THIS UNIT HAS NO HUMAN CONTACT, 23 TO 24 HOUR LOCKDOWN, NO TELEVISION, NO RADIO IF YOU CAN'T AFFORD ONE, NO ACCESS TO RELIGIOUS SERVICES THAT GENERAL POPULATION PRISONER'S HAVE UNDISCRIMINATED ACCESS TO. ⑦ THIS HOUSING UNIT ALSO PROHIBITS ANY AND ALL PROGRAMS THAT CAN BE PROVIDED WITHIN THE CONFINES OF K-UNIT. THE POLICY OF THE STANDARD OPERATING PROCEDURE ENTITLES SEGREGATION PRISONERS TO PARTICIPATE IN EDUCATIONAL, VOCATIONAL, AND REHABILITATIVE PROGRAMS. ⑧ I'VE ASKED STAFF TO PROVIDE ME WITH THE NAMES AND TYPES OF PROGRAMS THAT G.S.P. HAS TO OFFER, AND I'VE BEEN TOLD ON A NUMBER OF OCCASSIONS THAT, "IT DOESN'T MATTER, YOU WILL NOT BE ABLE TO PARTICIPATE FROM THE HOLE". ⑨ PAROLE HAS MANDATED THAT I TAKE SPECIFIC TREATMENT

⑦

PROGRAMS BEFORE I CAN BE CONSIDERED FOR A PAROLE DATE. THE TREATMENT PROGRAMS ARE COGNITIVE BEHAVIORAL PROGRAMS, THAT REQUIRE FOR ME TO COMPLETE THE FOLLOWING PROGRAMS: THINKING FOR A CHANGE (T4C), MOTIVATION FOR A CHANGE (M4C), AND RE-ENTRY SKILLS BUILDING PROGRAM. (10) ALL THE PRISON'S IN GEORGIA PROVIDE THESE PROGRAMS. EACH OF THESE PROGRAMS CONSIST OF 1-2 HOURS A DAY FROM MON-FRI, AND COMPLETION OF WRITING EXERCISES THAT'S OBSERVED AND GRADED BY THE INSTRUCTOR. MOST OF THE PROGRAM'S ARE TAKEN THROUGH WRITING ABOUT MODIFIED CRIMINAL BEHAVIOR. (11) ON July 11, 2014, I RECIEVED AN APPEAL FORM FROM A TIER PROGRAM REPRESENTATIVE. THIS PROGRAM IS EQUIVALENT WITH THE (SHU) PROGRAM THAT OTHER STATES ENFORCE ON INMATES FOR MISBEHAVIOR AND PUNITIVE PURPOSES. THE REPRESENTATIVE ASKED ME IF I KNEW WHY I WAS PLACED ON THE TIER PROGRAM. MY REPLY WAS THAT, "I DIDN'T KNOW THAT I WAS CLASSIFIED TO BE PLACED ON TIER STATUS." HE HANDED ME AN APPEAL FORM AND WALKED AWAY. (12) I COMPLETED THE APPEAL FORM AND STATED THAT I TOTALLY OPPOSE THE RECOMMENDATION AND BEEN IN KEEPLOCK FOR WELL OVER 600 DAYS. (SEE EXHIBIT "A") (13) I RECIEVED MY APPEAL RESPONSE ON July 22, 2014, AND THE WARDEN, ROBERT TOOLE, STATED THAT I WILL REMAIN ON TIER STATUS FOR MY SAFETY AND THE ORDERLY OPERATION OF G.S.P..

(8)

(14) Since recieving this appeal response, I've wrote the Warden numerous letters expressing how the conditions of the Tier Program causes me to recieve worse treatment than general population inmates. I expressed to the Warden Toole that I just wanted the same opportunities, and privileges that the general population inmates recieve's according to the Standard Operating Procedures. (15) Warden Toole hasn't given any response to my complaints, or changed the unreasonable conditions of the Tier Program. (16) I've been housed in segregation over 700 day's that's on-going, and continuing under these severe restrictions and conditions, without any consideration from the Dept of Corrections, who are aware of my "keeplock" issue. (17) Commissioner, Brian Owens is the only one in the D.O.C. who has the authority and ability to provide a way for me to serve my sentence in another state, or a federal facility in Georgia where I will be able to productively, and constructively serve my sentence without being locked down. (18) Brian Owens has refused to consider my situation and compact with another state when he was specifically informed, and adviced about my substantial assistance I provided the Atlanta District Attorney's office. (19) I'm suffering daily for unnecessary reasons that are unjustified and I have not done anything wrong.

EXTRA PUNISHMENT SHOULD NOT BE INFLICTED OR OPPRESSED AGAINST ME. (20) THE DEP'T OF CORRECTIONS HAS COMPLETELY BANISHED ME FROM THE GENERAL POPULATION OF THE ENTIRE GEORGIA PRISON SYSTEM WITHOUT PROVIDING ANY REASONABLE ALTERNATIVE TO THESE EXTREME CIRCUMSTANCE'S. (21) THE D.O.C. HAS FULL CONTROL OVER WHERE AN INMATE MAY BE TRANSFERRED. (22) THE TIME I'VE BEEN SERVING IN KEEPLOCK HAS CAUSED ME PSYCHOLOGICAL AND EMOTIONAL DISTRESS. I NOW TALK TO MYSELF FOR COMFORT, AND MOST DAYS I'M OVERLY BITTER, AND MENTALLY DISTORTED. AFTER EXTENDED PERIODS OF TIME OF BEING IN SOLITARY CONFINEMENT, I FEEL THERE'S NO HOPE, AND EXTREMELY DEPRESSED, AND I'VE BEEN SUBJECTED TO A WHIRLWIND OF TIMELESSNESS. I'VE REPEATEDLY REQUESTED FOR MENTAL HEALTH ASSISTANCE FROM A COUNSELOR WHO RARELY VISITS THE K-UNIT, SEGREGATION HOUSING UNIT. SHE INFORMED ME THAT THE OPERATION OF THE SEGREGATED HOUSING UNIT IS NOT PROPERLY ORGANIZED, AND THAT SHE WOULD LIKE TO CONSULT WITH ME ONE-ON-ONE, BUT THE DISORGANIZATION OF THE SEGREGATED HOUSING STAFF, AND THE POLICY TO IGNORE THE INMATES WAS OUT OF HER CONTROL. I DON'T KNOW THE NAME OF THIS MENTAL HEALTH COUNSELOR. (23) I HAVE NO PLAIN, ADEQUATE OR COMPLETE REMEDY AT LAW TO REDRESS THE WRONGS DESCRIBED HEREIN. PLAINTIFF HAS BEEN AND WILL CONTINUE TO BE IRREPARABLY INJURED BY THE CONDUCT OF THE DEFENDANT UNLESS THIS COURT

GRANTS INJUNCTIVE AND MONETARY RELIEF WHICH I SEEK.

(24) THE DEFENDANTS IS SUED INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY. AT ALL TIMES MENTIONED IN THIS COMPLAINT THE DEFENDANTS ACTED UNDER THE COLOR OF STATE LAW.

## LEGAL CLAIMS

A. FOURTEENTH AMENDMENT DENIAL OF DUE PROCESS.

(25) DEFENDANT ROBERT TOLE FAILURE TO PROVIDE ADEQUATE DUE PROCESS AND PLACEMENT OF CONFINEMENT FOR MARQUISE ROBBINS, AND THE SUBJECTION TO TREATMENT AND CONDITIONS THAT ARE AN ATYPICAL AND SIGNIFICANT HARDSHIP IN RELATION TO THE ORDINARY INCIDENTS OF PRISON LIFE, CONSTITUTED THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION.

B. EIGHTH AMENDMENT CRUEL AND UNUSUAL PUNISHMENT.

(26) DEFENDANT ROBERT TOLE FAILURE TO PROPERLY HOUSE MARQUISE ROBBINS IN A ADEQUATE PLACE OF CONFINEMENT WHERE HE WOULD BE ABLE TO ENJOIN THE SAME PROGRAMS, ACTIVITIES, AND SERVICES AS THE GENERAL POPULATION CONSTITUTED DELIBERATE INDIFFERENCE OF THE EIGHTH AMENDMENT OF THE U.S. CONSTITION.

C. FOURTEENTH AMENDMENT DENIAL OF DUE PROCESS.

(27) DEFENDANT BRIAN OWENS REFUSAL TO DESIGNATE A PLACE OF CONFINEMENT AVAILABLE AND SUITABLE FOR THE CUSTODY, CARE, SUBSISTENCE, HOUSING, TREATMENT, TRAINING, AND REHABILITATION OF MARQUISE ROBBINS CONSTITUTED AN ATYPICAL AND

SIGNIFICANT HARDSHIP OF THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION.

(28) DEFENDANT BRIAN OWENS DENIAL TO PLAINTIFFS BASIC HUMAN NEED TO BE PROVIDED WITH A REASONABLE PLACE OF CONFINEMENT, CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT OF THE EIGHTH AMENDMENT OF THE U.S. CONSTITUTION.

D. <u>GEORGIA CONSTITUTION, PARAGRAPH ~~XXI~~ I. DENIAL OF DUE PROCESS.</u>

(29) DEFENDANT ROBERT TOOLE FAILURE TO PROVIDE ADEQUATE DUE PROCESS AND PLACEMENT OF CONFINEMENT FOR MARQUISE ROBBINS, AND THE SUBJECTION TO TREATMENT AND CONDITIONS THAT ARE AN ATYPICAL AND SIGNIFICANT HARDSHIP IN RELATION TO THE ORDINARY INCIDENTS OF PRISON LIFE, CONSTITUTED THE FIRST ~~XXXXXXXX~~ PARAGRAPH OF THE GA CONSTITUTION.

(30) DEFENDANT BRIAN OWENS REFUSAL TO DESIGNATE A PLACE OF CONFINEMENT AVAILABLE AND SUITABLE FOR THE CUSTODY, CARE, SUBSISTENCE, HOUSING, TREATMENT, TRAINING, AND REHABILITATION OF MARQUISE ROBBINS CONSTITUTED THE FIRST PARAGRAPH OF THE GA CONSTITUTION.

E. <u>GEORGIA CONSTITUTION, PARAGRAPH XVII. CRUEL AND UNUSUAL PUNISHMENT INFLICTED</u>

(31) DEFENDANT ROBERT TOOLE FAILURE TO PROVIDE AN ADEQUATE PLACE OF CONFINEMENT FOR MARQUISE ROBBINS THAT'S SUITABLE AND AVAILABLE ~~WITH~~ THE SAME PRIVILEGES AS GENERAL POPULATION CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT

OF THE GA CONSTITUTION XVII.

(32) DEFENDANT BRIAN OWENS REFUSAL TO DESIGNATE A PLACE OF CONFINEMENT REASONABLE FOR THE CIRCUMSTANCES OF PLAINTIFF'S SITUATION CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT OF THE GA CONSTITUTION XVII.

F. STANDING OPERATING PROCEDURE IIB09-0001.VI(B).

(33) DEFENDANT ROBERT TOOLE DENIAL TO PROVIDE PLAINTIFF WITH FORMAL HEARING WITHIN 96 HOURS AFTER PLACING HIM IN ADMINISTRATIVE SEGREGATION VIOLATED THE GA STATEWIDE PRISON POLICY SOP IIB09-0001.VI(B).

G. STANDING OPERATING PROCEDURE IIB09-0001.VI(E)(9).

(34) DEFENDANT ROBERT TOOLE DENIAL TO PROVIDE PLAINTIFF WITH THE OPPORTUNITY TO PARTICIPATE IN EDUCATIONAL, VOCATIONAL, AND REHABILITATIVE PROGRAMS THAT CAN BE PROVIDED WITHIN THE CONFINES OF THE SEGREGATION HOUSING UNIT VIOLATED THE GA STATEWIDE PRISON POLICY SOP IIB09-0001 VI(E)(9).

H. STANDING OPERATING PROCEDURE IIB09-0002

(35) DEFENDANT ROBERT TOOLE DENIAL TO PROVIDE PLAINTIFF WITH A FORMAL HEARING WITHIN 96 HOURS AFTER PLAINTIFF WAS PLACED IN TIER 1 STATUS, VIOLATED THE GA STATEWIDE PRISON POLICY SOP IIB09-0002.

I. O.C.G.A. 42-5-57(b)

(36) DEFENDANT ROBERT TOOLE REFUSAL TO DESIGNATE A PLACE OF CONFINEMENT WHERE PLAINTIFF CAN TAKE ADVANTAGE OF THE

AVAILABLE OPPORTUNITY TO PARTICIPATE IN THE EDUCATIONAL, RELIGIOUS, AND RECREATIONAL, AS WELL AS VOCATIONAL ACTIVITIES VIOLATED THE STATUTORY LAW OF GA O.C.G.A. 42-5-57(b).

J. O.C.G.A. 42-11-1 THRU 42-11-3.

(37) DEFENDANT BRIAN OWENS KNOWLEDGE OF PLAINTIFF'S TESTIMONY OF HIGH-PROFILE CRIMINAL CASE AND FAILURE TO PROVIDE A REASONABLE PLACE OF CONFINEMENT AND COMPACT WITH ANOTHER STATE OR FEDERAL JURISDICTION IN THE BEST INTEREST OF MARQUISE ROBBINS VIOLATED THE STATUTORY LAW OF O.C.G.A. 42-11-1 THRU 42-11-3.

K. O.C.G.A. 42-5-51(d).

(38) DEFENDANT BRIAN OWENS REFUSAL TO DESIGNATE A PLACE OF CONFINEMENT AVAILABLE AND SUITABLE FOR THE CUSTODY, CARE, SUBSISTENCE, HOUSING, TREATMENT, TRAINING, AND REHABILITATION OF MARQUISE ROBBINS VIOLATED THE STATUTORY LAW OF O.C.G.A. 42-5-51(d).

L. O.C.G.A. 42-5-57(b).

(39) DEFENDANT BRIAN OWENS REFUSAL TO DESIGNATE A PLACE OF CONFINEMENT WHERE PLAINTIFF CAN TAKE ADVANTAGE OF THE AVAILABLE OPPORTUNITY TO PARTICIPATE IN THE EDUCATIONAL, RELIGIOUS, RECREATIONAL, AND VOCATIONAL ACTIVITIES VIOLATED THE STATUTORY LAW O.C.G.A. 42-5-57(b).

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Reidsville, Georgia on 8-20-14.

*Marquise Robbins*
MARQUISE ROBBINS

## ATTACHMENT TO OTHER LAWSUITS

PLAINTIFF: MARQUISE ROBBINS
DEFENDANTS: LARRY JORDAN, T. JEFFERSON, RODNEY SMITH, GARY HARDEN
COURT: U.S. MIDDLE DISTRICT - MACON DIVISION
DOCKET #: 5:14-CV-95-HL
JUDGE: HUGH LAWSON
DISPOSITION: DISMISSED W/O PREJUDICE - EXHAUST REMEDIES OF ADMIN.
DATE OF FILING: 3-4-14
DATE OF DISPOSITION: 3-31-14 — RECIEVED (IFP) STATUS

PLAINTIFF: MARQUISE ROBBINS
DEFENDANTS: KEITH CARTER, CAGER DAVIS
COURT: BALDWIN SUPERIOR COURT
DOCKET #: 14-CV-47026
JUDGE: WILLIAM A. PRIOR
DISPOSTITION: DISMISSED W/O PREJUDICE - LACK OF JURISDICTION
DATE OF DISPOSITION: 6-20-14

(15)

DATE OF FILING: 4-14-14    RECIEVED (IFP) STATUS

PLAINTIFF: MARQUISE ROBBINS
DEFENDANTS: IKECHUKWU AKWUWANNE, P. ENDRES, RODNEY SMITH, SGT. WILLIAMS
COURT: U.S. MIDDLE DISTRICT - MACON DIVISION
DOCKET #: 5:14-CV-134-MTT
JUDGE: MARC THOMAS TREADWELL
DISPOSITION: PENDING
DATE OF FILING: 4-8-14    RECIEVED (IFP) STATUS

PLAINTIFF: MARQUISE ROBBINS
DEFENDANTS: BRIAN OWENS
COURT: U.S. NORTHERN DISTRICT - ATL DIVISION
DOCKET #: 1:14-CV-1746-MHS-GGB
JUDGE: M.H.S
DISPOSITION: PENDING
DATE OF FILING: 7-7-14    RECIEVED (IFP) STATUS

PLAINTIFF: MARQUISE ROBBINS
DEFENDANT: BRIAN OWENS
COURT: FORSYTH COUNTY SUPERIOR COURT
DOCKET: 14-SC-1356-3
NAME OF JUDGE: PHILLIP C. SMITH
DISPOSITION: PENDING - DISMISSED W/O PREJUDICE LACK OF JURISDICTION
DATE OF FILING: 7-25-14

(16)

PLAINTIFF: MARQUISE ROBBINS
DEFFENDANTS: D.O.C., LARRY JOHNSON, GARY HARDEN, RODNEY SMITH, T. JEFFERSON
COURT: BALDWIN SUPERIOR COURT
DOCKET #: 14-CV-47156
JUDGE: DONT KNOW YET
DISPOSITION: STILL PENDING
DATE OF FILING: 7-21-14     RECIEVED (IFP) STATUS

# EXHIBIT "A"

## SEGREGATION APPEAL FORM

Attachment 3
IIB09-0002
7/1/2013

## SEGREGATION: TIER I PROGRAM
### Assignment Appeal Form

I. Offender: **ROBBINS, MARQUISE** GDC #: **1000413667** Date: July 7, 2014

II. Disciplinary Segregation: Tier I Assignment

In accordance with Tier I SOP, an assignment to the Segregation: Tier I Program was made based upon the following explanation:

**INMATE HAS RECEIVED NO DISCIPLINARY INFRACTIONS WITHIN THE PAST YEAR. INMATE IS CURRENTLY ASSIGNED TO IPC STATUS. RECOMMENDING AN ASSIGNMENT TO THE TIER I PROGRAM FOR THE SAFE AND ORDERLY OPERATION OF GEORGIA STATE PRISON.**

III. Offender's rebuttal: (within 3 business days submit to the assigned counselor who will forward to the Warden)

*I TOTALLY OPPOSE THIS RECOMMENDATION. I'VE BEEN IN "KEEPLOCK" FOR WELL OVER 600 DAYS. IM SUFFERING AND HAVING PSYCHOLOGICAL TRAUMA IN REACTION TO EXTREME SOCIAL ISOLATION AND SEVERE RESTRICTED ENVIORMENT. IM UNABLE TO REHABILITATE AND ENJOIN IN THE SAME OPPORTUNITIES AS (GP). PLEASE TRANSFER ME SOMEWHERE ELSE.*

DATE APPEAL RECEIVED: 7-17-14 BY: _____ (COUNSELOR)

IV. Review of Appeal

I ☒ concur / ☐ disagree with the Segregation: Tier I Program Classification Committee's Action. The following decision(s) has/have been made in this case.

You will remain in TIER 1 for your safety and the safe and orderly operation of GSP. You will remain on protective custody.

_____  7-17-2014
Warden's Signature         Date

Copies:  Offender     Offender file
RETENTION SCHEDULE:  Upon completion of this form, it will be placed in the offender case history file.