IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

MARQUISE ROBBINS,

  Plaintiff,

v.             CIVIL ACTION NO.: CV614-105

ROBERT TOOLE, Warden, and
BRIAN OWENS, Commissioner,

  Defendants.

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Valdosta State Prison in Valdosta, Georgia (Doc. 8, p. 1), filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while housed at Georgia State Prison in Reidsville, Georgia (Doc. 1, pp. 3–4). A prisoner proceeding against employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, 1915A (2014). In determining compliance, the undersigned is guided by the longstanding principle that pro se pleadings are entitled to liberal construction. Haines

v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

Section 1915A requires a district court to screen a prisoner's complaint for cognizable claims before, or as soon as possible after, docketing. 28 U.S.C § 1915A(a). The court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune. Id. § 1915A(b).

Section 1915, which governs a prisoner's payment of filing fees, states that a court must dismiss an action that "fails to state a claim on which relief may be granted." Id. § 1915(e)(2)(B)(ii). In Mitchell v. Farcass, the Eleventh Circuit Court of Appeals interpreted the language in section 1915(e)(2)(B)(ii). 112 F.3d 1483, 1490 (11th Cir. 1997). Noting that this language closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for deciding whether to dismiss under that rule for failure to state a claim apply equally in evaluating prisoner complaints filed pursuant to section 1915(e)(2)(B)(ii). Id. While the court in Mitchell interpreted section 1915, its interpretation guides this Court in applying the nearly identical language of the screening provisions in section 1915A.

Plaintiff asserts that upon arriving at Georgia State Prison on June 18, 2014, he was placed in a segregated housing unit based on threats of violence made by other inmates. (Doc. 1, p. 5). Plaintiff contends that he remained in the segregated housing unit for over ninety-six hours without receiving any formal hearing, in violation of Georgia prison policy. (Id. at pp. 5, 7, 13 (citing Ga. Dep't of Corr. Standard Operating Procedures IIB09-0001.VI(B), IIB09-0002)). Days later, Plaintiff was moved to a more

AO 72A
(Rev. 8/82)

isolated area of the segregated housing unit, where Plaintiff complains he was denied access to the amenities; religious services; educational, vocational, and rehabilitative programs; and mental health treatment afforded to the general prison population according to Georgia prison policy. (Id. at pp. 7–10, 13 (citing Ga. Gen. Stat. Ann. § 42-5-57(b) (2014); Ga. Dep't of Corr. Standard Operating Procedure IIB09-0001.VI(E)(9))). After unsuccessfully appealing his housing assignment, Plaintiff maintains that he wrote numerous unanswered letters to Warden Robert Toole ("Defendant Toole") concerning the conditions of his confinement. (Id. at pp. 1, 8–9, Ex. A). Plaintiff filed the instant action against Defendant Toole and the Commissioner of the Department of Corrections, Brian Owens ("Defendant Owens"), both individually and in their official capacities, seeking relief pursuant to the Eighth and Fourteenth Amendments as well as various provisions of the Georgia Constitution, statutes, and Standard Operating Procedures. (Id. at pp. 11, 14).

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(A)(2). While the plaintiff need not provide detailed factual allegations, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (1937) (citations omitted) (internal quotation marks omitted). To state a claim for relief under section 1983, the plaintiff must satisfy two elements. First, the plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, the plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id.

3

Plaintiff cannot sustain a claim against Defendants in their official capacities. A lawsuit against a state agency or a state officer in his official capacity is no different from a suit against a state itself; such a defendant is immune. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67, 71 (1989) (finding that section 1983 does not abrogate well-established immunities under the Eleventh Amendment). Because the State of Georgia would be the real party in interest in a suit against Defendant Toole and Defendant Owens in their official capacities, the Eleventh Amendment immunizes these actors from suit. See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989). Plaintiff's claims against Defendants in their official capacities should be **DISMISSED**.

Plaintiff also fails to state a claim against Defendant Owens individually. In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only "when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." Id. at 802 (quoting Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

It appears that Plaintiff seeks to hold Defendant Owens liable solely based on his supervisory role as Commissioner of the Department of Corrections:

> [Defendant] Owens is the only one in the [Department of Corrections] who has the authority and ability to provide a way for me to serve my sentence in another state . . . [or] federal facility in Georgia . . . without being locked down. [Defendant] Owens has refused to consider my situation and compact with another state when he was specifically informed . . . and advi[s]ed about my substantial assistance . . . provided [to] the Atlanta District Attorney's office [in testifying against my co-defendant].

(Doc. 1, p. 9). Nothing in Plaintiff's Complaint indicates that Defendant Owens personally participated in, or engaged in conduct that caused, Plaintiff's assignment to the segregated housing unit and the conditions of his confinement. And Plaintiff's statement that Defendant Owens was "specifically informed" of Plaintiff's assistance during his criminal case—without any further factual content—fails to plausibly suggest that Defendant Owens had any involvement in Plaintiff's assignment and confinement. See Ashcroft, 556 U.S. at 678 (explaining that the plausibility standard requires pleading "factual content" (citations omitted) (internal quotation marks omitted)); see also Bell Atl. Corp. v. Tombly, 550 U.S. 544, 570 (2007) (stating that factual content must nudge claims "across the line from conceivable to plausible"). Because Plaintiff fails to show that Defendant Owens personally participated in, and thus could be held liable as a supervisor for, a potential constitutional violation, Plaintiff's claims for relief against Defendant Owens in his individual capacity should be **DISMISSED**.

As to Defendant Toole, Plaintiff's allegations of Eighth Amendment violations are insufficient to support his section 1983 claim. The Eighth Amendment's proscription against cruel and unusual punishment imposes upon prison officials a constitutional duty to take reasonable measures to guarantee the safety and health of prisoners, including maintaining "humane conditions of confinement" by providing "adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 832–33 (1994); see also U.S. Const. amend. VIII. "To show a violation of [his] Eighth Amendment rights, [a p]laintiff must produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendant['s] deliberate indifference to that risk; and (3) causation." Smith v. Reg'l Dir. of Fla. Dep't of Corr., 368 F. App'x 9, 14 (11th Cir. 2010) (quoting Purcell v.

Toombs Cnty., 400 F.3d 1313, 1319 (11th Cir. 2005)). As to the "substantial risk" element, a plaintiff "seeking to show unconstitutional conditions of confinement must clear a 'high bar' by demonstrating '*extreme* deprivations.'" Ellis v. Pierce Cnty., 415 F. App'x 215, 217 (11th Cir. 2011) (quoting Chandler v. Crosby, 379 F.3d 1278, 1298 (11th Cir. 2004)) (defining "extreme deprivations" as conditions constituting "the wanton and unnecessary infliction of pain" or creating a risk of "serious damage to [the prisoner's] future health or safety" (citations omitted) (internal quotation marks omitted)).

Plaintiff's allegations of being denied access to certain amenities, services, and programs do not rise to the level of "extreme deprivations" that would create a substantial risk of serious harm to Plaintiff's health or safety. And while the denial of mental health treatment could pose a substantial risk of harm to Plaintiff's future health, Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986), Plaintiff's Complaint is devoid of any facts suggesting that Defendant Toole was deliberately indifferent to—or even aware of—that risk. (See Doc. 1, p. 10 (stating only that Plaintiff directed his requests for treatment to the prison's mental health counselor)); cf. Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003) ("To be deliberately indifferent, [d]efendants must have been subjectively aware of the substantial risk of serious harm in order to have had a sufficiently culpable state of mind." (internal quotation marks omitted) (citations omitted)). Because Plaintiff fails to plausibly plead any Eighth Amendment violation arising out of his conditions of confinement, Plaintiff's Eighth Amendment claim against Defendant Toole should be **DISMISSED**.

Relevant to Plaintiff's Fourteenth Amendment claim, the Due Process Clause of the Fourteenth Amendment "protects against deprivations of 'life, liberty, or property

AO 72A
(Rev. 8/82)

without due process of law.'" Kirby v. Siegelman, 195 F. 3d 1285, 1290 (11th Cir. 1999) (quoting U.S. Const. amend. XIV). The U.S. Supreme Court has identified two situations in which a prisoner can be deprived of liberty such that the protection of due process is required: (1) there is a change in the prisoner's conditions of confinement so severe that it essentially exceeds the sentence imposed by the court; and (2) the State has consistently given a benefit to prisoners, usually through a statute or administrative policy, and the deprivation of that benefit "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 1290–91 (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)); see, e.g., Overton v. Bazzetta, 539 U.S. 126, 136–37 (2003) (stating that a state's temporary withdrawal of its visitation privileges as a means of discipline is "not a dramatic departure from accepted standards for conditions of confinement," while a permanent or extended withdrawal of all visitation privileges "would present different considerations").

With regard to Plaintiff's state-law claims, section 1983 "imposes liability for violations of rights protected by the Constitution, not for violations of [state law]." Baker v. McCollan, 443 U.S. 137, 146 (1979); see, e.g., Daniels v. Williams, 474 U.S. 327, 330-31 (1986) (stating that an allegation that a defendant violated state tort law is not sufficient to support a claim under section 1983). A court's jurisdiction over state-law claims therefore cannot be rooted in section 1983; however, a court may exercise supplemental, or pendant, jurisdiction over state-law claims that otherwise would not be cognizable in federal court where the court has "jurisdiction over a substantial federal claim and the federal and state claims derive from a common nucleus of operative fact." L.A. Draper & Son v. Wheelabrator-Frye, Inc., 735 F.2d 414, 427 (11th Cir. 1984)

AO 72A
(Rev. 8/82)

(internal quotation marks omitted) (quoting Jackson v. Stinchcomb, 635 F.2d 462, 470 (5th Cir. 1981)); see also 28 U.S.C. § 1367(c).

Plaintiff's allegations, when read in a light most favorable to the Plaintiff, arguably state colorable claims for relief against Defendant Toole under 42 U.S.C. § 1983, 28 U.S.C. § 1915A, and Ga. Const. art. I, § I, para. I for alleged violations of Plaintiff's due process rights under federal and state law. While the alleged due process violations are based on potential deprivations of benefits provided in Ga. Code Ann. § 42-5-57(b) and the Standard Operating Procedures, Plaintiff's claims seeking to obtain damages directly under these provisions should be **DISMISSED**. See Forsh v. Williams, 740 S.E.2d 297, 301 (Ga. App. 2013) ("[V]iolating statutes and regulations does not automatically give rise to a civil cause of action by an individual claiming to have been injured from a violation thereof. . . . [The statute must] expressly provide a cause of action for damages."); see, e.g., Romano v. Ga. Dep't of Corr., 693 S.E.2d 521, 524 (Ga. App. 2010) (illustrating that a violation of a Standard Operating Procedure could give rise to a claim for relief under a specific Georgia statute or under 42 U.S.C. § 1983, but not under the Standard Operating Procedure itself). Plaintiff also fails to state any plausible claim for relief based on cruel and unusual punishment under Ga. Const. art. I, § I, para. XVII, for the same reasons discussed supra, and this claim should be **DISMISSED**. See Stephens v. State, 405 S.E.2d 483, 485 (Ga. 1991) (likening the standard for "cruel and unusual punishment" under the Georgia Constitution to that under the Eighth Amendment). A copy of Plaintiff's Complaint and a copy of this Order shall be served upon Defendant Toole by the United States Marshal without prepayment of cost. If Defendant Toole elects to file a Waiver of Reply, then he must

file either a dispositive motion or an answer to the complaint within thirty (30) days of the filing of said Waiver of Reply.

**INSTRUCTIONS TO DEFENDANT**

Since Plaintiff is authorized to proceed *in forma pauperis*, service must be effected by the United States Marshal. FED. R. CIV. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to a defendant by first-class mail and request that the defendant waive formal service of summons. FED. R. CIV. P. 4(d); Local Rule 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. FED. R. CIV. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. FED. R. CIV. P. 4(d)(3).

IT IS FURTHER ORDERED that Defendant is hereby granted leave of court to take the deposition of Plaintiff upon oral examination. FED. R. CIV. P. 30(a). Defendant shall ensure that Plaintiff's deposition and any other depositions in the case are taken <u>within the 140-day discovery period</u> allowed by this court's local rules.

In the event that Defendant takes the deposition of any other person, Defendant is ordered to comply with the requirements of Federal Rule of Civil Procedure 30 as set forth herein. As Plaintiff will likely not be in attendance for such a deposition, Defendant shall notify Plaintiff of the deposition and advise him that he may serve on Defendant, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the

AO 72A
(Rev. 8/82)

Plaintiff wishes to propound to the witness, if any. Defendant shall present such questions to the witness seriatim during the deposition. FED. R. CIV. P. 30(c).

**INSTRUCTIONS TO PLAINTIFF**

IT IS FURTHER ORDERED that Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon his attorney, a copy of every further pleading or other document submitted for consideration by the court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendant or his counsel. FED. R. CIV. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." FED. R. CIV. P. 10(a). Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a caption or a certificate of service will be disregarded by the court and returned to the sender.

Plaintiff is charged with the responsibility of immediately informing this court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Failure to do so may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendant, Plaintiff must initiate discovery. See generally FED. R. CIV. P. 26, *et seq.* Plaintiff does not need the permission of the court to begin discovery, and Plaintiff should begin discovery promptly and complete it within 120 days after the filing of the answer. Local Rule 26.1.

Interrogatories are a practical method of discovery for incarcerated persons. See FED. R. CIV. P. 33. Interrogatories may be served only on a party to the litigation, and,

for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not <u>named</u> as Defendants. Interrogatories <u>shall not be filed with the court</u>. Local Rule 26.6. Interrogatories are not to contain more than twenty-five (25) questions. FED. R. CIV. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for Defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. FED. R. CIV. P. 26(c); 37(a)(2)(A); Local Rule 26.7. Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty ($.50) cents per page.

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. FED. R. CIV. P. 41; Local Rule 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which may be initiated by Defendants. Upon no less than five (5) days notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.

AO 72A
(Rev. 8/82)

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the court.

## ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if you fail to respond to a motion to dismiss, the Court will assume that you do not oppose the Defendants' motion.

Your response to a motion for summary judgment must be filed within twenty one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendant file a motion for summary judgment, you are advised that you will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should the Defendant's motion for summary judgment

AO 72A
(Rev. 8/82)

be supported by affidavit, you must file counter-affidavits if you desire to contest the Defendant's statement of the facts. Should you fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, the consequences are these: any factual assertions made in Defendant's affidavits will be accepted as true and summary judgment will be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 13th day of January, 2015.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)